UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                              **DECISION AND ORDER**
                                                            20-CR-49

AUSTIN GORDON,

                          Defendant.

_____

        Defendant Austin Gordon is charged in eight counts of a 34-count Superseding Indictment with various narcotics-related offenses including narcotics conspiracy, possession of methamphetamine with intent to distribute, using and maintaining multiple drug-involved premises, and possession of firearms charges. Dkt. 23. This case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings. Dkt. 27.

        An evidentiary hearing was held on January 25, 2022 regarding a search of 12 Bishop Street in Jamestown, New York on July 16, 2019. Dkt. 299. The hearing was conducted jointly with the matter of *United States v. Jarrod K. Adams* (W.D.N.Y. 20-CR-12) due to the overlapping facts as Defendant Gordon, co-defendant Michael Murphy, and Jarrod Adams had all filed motions to suppress evidence seized from that residence. Dkt. 285. After post-hearing briefing was submitted, oral argument was heard on August 9, 2022. Dkt. 345.

        On September 23, 2022, Magistrate Judge Roemer filed both a Report and Recommendation ("R&R"), Dkt. 358, and a Report, Recommendation and Order ("RR&O"), Dkt. 360, pertaining to Defendant Gordon's various pre-trial motions, Dkt.

208.  The R&R recommends that Defendant's motion to suppress evidence obtained from 12 Bishop Street on July 16, 2019 be denied.  The RR&O recommends denial of Defendant Gordon's motions to (1) suppress evidence seized from 711 Newland Avenue in Jamestown, New York on November 29, 2019, (2) suppress evidence seized from Defendant's Facebook account, and (3) exclude DNA evidence, or alternatively, for a *Daubert* hearing.  Several additional non-dispositive pre-trial motions within docket 208 were also ruled on in the RR&O.

Defendant Gordon filed specific objections solely concerning Magistrate Judge Roemer's recommendation to deny his motion to suppress evidence seized from 12 Bishop Street.  Dkt. 368.  However, on the very last page of his submission, Defendant notes generally that he "objects to all other adverse recommendations and asks for *de novo* review by the District Court," but requests that the Court first reach a determination on the motion to suppress evidence obtained from 12 Bishop Street.  The Government filed a response in opposition thereto.  Dkt. 380.  Defendant filed a reply which again failed to detail his specific objections to any portion of the RR&O.  Oral argument on Defendant's objections was held before the Court on January 12, 2023, and the matter was thereafter considered submitted.

Pursuant to 28 U.S.C. § 636(b)(1), the Court applies a *de novo* standard of review to the portions of a Report and Recommendation to which timely and specific objections have been raised.  For the reasons that follow, the Court adopts Judge Roemer's R&R, and Defendant's suppression motion is hereby denied.

The Court must give appropriate deference to the measured determinations of the Magistrate Judge as to the credibility of the hearing witnesses.  *See, e.g., Cullen v.*

*United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.").

Although Magistrate Judge Roemer noted inconsistencies in the witness testimony, he found that they did not pertain to the primary issue of whether Defendant Gordon consented to law enforcement's entry into 12 Bishop Street on July 16, 2019. Furthermore, Magistrate Judge Roemer found that the credible, detailed, and live testimony of the Government's witnesses contradicted and outweighed the version of events set forth in the affidavits of co-defendant Murphy, Jarrod Adams, and Adams' private investigator.

With respect to Defendant Gordon's objection requesting that the Court alternatively order the Government to call additional law enforcement witnesses for a hearing so they may be examined under oath regarding Deputy U.S. Marshal Baryza's initial interaction with Defendant Gordon at the front door of 12 Bishop Street on July 16, 2019, the objection is denied. As noted above, the Magistrate Judge found there was sufficient evidence to render a ruling, and it would be inappropriate and inefficient for this Court to order the Government to produce additional witnesses for examination at this stage in the case.

The Government's response reiterates that the Magistrate Judge concluded the Government had met its burden with respect to establishing consent, and that

supplemental witness testimony was unnecessary.  Dkt. 380.  The Government also advised the Court that in addition to declining to testify at the evidentiary hearing, Defendant Gordon did not file an affidavit addressing the conversation he had with Deputy Marshal Baryza at the front door.  Finally, the Government's response asserts that Defendant's general objection to other recommendations does not constitute a specific objection, and as such should be overruled.

Accordingly, upon due consideration of the arguments and upon *de novo* review, the Court ADOPTS the conclusion and the reasoning of the Magistrate Judge as set forth in the R&R at docket 358.  Defendant Gordon's motion to suppress (Dkt. 208) is therefore denied in relevant part, consistent with the foregoing.

No specific objections were raised with respect to the remainder of the Magistrate Judge's recommendations and orders set forth in the RR&O at docket 360.  Pursuant to Fed. R. Crim. P. 59(b)(2), failure to raise timely and specific objections waives a party's right to review.  However, the Court has nonetheless undertaken a clear error review of the remaining recommendations in the RR&O.

On clear error review, the Court does not find any portion of the remaining recommendations to be facially erroneous, and accordingly ADOPTS the recommendations of the Magistrate Judge concerning both Defendant Gordon's motions to suppress evidence seized from 711 Newland Avenue on November 29, 2019 and from his Facebook account, as well as his motion to exclude DNA evidence, or alternatively, for a *Daubert* hearing.  Defendant Gordon's motions (Dkt. 208) are therefore denied in relevant part, consistent with the foregoing.

The parties shall appear for a status conference to set a date for trial or plea on February 15, 2023 at 10 am.

**IT IS SO ORDERED.**

              *Richard J. Arcara*
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated:  February 13, 2023